IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN G. SMITH,

              Petitioner,

vs.

ROB JEFFREYS,

              Respondent.

**8:25CV471**

**MEMORANDUM AND ORDER**

    Before the Court are Petitioner's motion seeking the appointment of counsel (the "Motion to Appoint Counsel"), Filing No. 5, and Respondent's motion seeking a one-month extension of time from the current November 14, 2025, deadline, to file either a motion for summary judgment or state court records in support of an answer (the "Motion to Extend Time"), Filing No. 10, in compliance with this Court's progression order entered on September 30, 2025 (the "Progression Order"), Filing No. 4.

    For the reasons that follow, Petitioner's Motion to Appoint Counsel, Filing No. 5, shall be denied without prejudice, and Respondent's Motion to Extend Time, Filing No. 10, shall be granted.

### I. THE MOTION TO APPOINT COUNSEL

    Petitioner seeks appointment of counsel arguing that appointment is appropriate as he is unable to pay for private counsel, that his case is legally complex and due to his incarceration, he cannot research or "diligently investigate or interview viable witnesses" to support his claims, and that his claims are meritorious. Filing No. 5 at 1–2.

    "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of

the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), cert. denied, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel currently. Respondent has not yet prepared a response to the Petition therefore this Court cannot fully assess the arguments at issue to determine if counsel is potentially warranted.

## II. THE MOTION TO EXTEND TIME

In support of his Motion, Respondent's counsel notes that this is his first request for an extension and submits that he requires additional time to comply with the Progression Order due to his workload in other matters and a personal matter which required several days absence. Filing No. 10. Good cause having been shown, the motion shall be granted in accordance with this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Petitioner's Motion to Appoint Counsel, Filing No. 5, is denied without prejudice to reassertion.

2. Respondent's Motion for Extension, Filing No. 10, is granted. Respondent shall have until **December 15, 2025,** to file either a motion for summary judgment or state court records in support of an answer.

3. The Clerk of Court is directed to terminate the pro se case management deadline of November 14, 2025, to check for Respondent's answer and separate brief and set a pro se case management deadline using the

following text: **December 15, 2025**: deadline for Respondent's Motion for Summary Judgment or filing of state court records.

    4.    The Clerk of Court is further directed to terminate the pro se case management deadline of December 15, 2025, to check for Respondent's answer and separate brief.

Dated this 18th day of November, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge