IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN G. SMITH,

Petitioner,

vs.

ROB JEFFREYS,

Respondent.

**8:25CV471**

**MEMORANDUM AND ORDER**

This matter is before the Court on three motions seeking to appoint counsel (the "Motions to Appoint Counsel"), Filing Nos. 12, 19, and 24, and two motions seeking to compel the production of photos from Respondent (the "Motions to Compel"), Filing Nos. 23 and 25, filed by Petitioner Kevin G. Smith ("Petitioner"). For the reasons that follow, all the motions shall be denied without prejudice, and the case shall progress in accordance with this Memorandum and Order.

## I. THE MOTIONS TO COMPEL

In the Motions to Compel, Petitioner seeks to compel Respondent to provide Petitioner with "photographs of injuries to [v]ictim."[1] Filing No. 25 at 1.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley* 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing § 2254 Cases allows petitioners to conduct discovery if they show good cause. *Holt v. Howard*, 806

[1] While not precisely stated in either motion to compel, the Court presumes the photos Petitioner seeks are not part of the state court record, as he was ordered to file a formal motion to obtain them if they were not. *See* Filing No. 22 at 2.

F.3d 1129, 1133 (8th Cir. 2015). However, before analyzing whether good cause has been shown to facilitate the development of new evidence, a district court must first consider the requirements set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *Shoop v. Twyford*, 596 U.S. 811, 821 (2022); *see also Marcyniuk v. Payne*, 39 F.4th 988, 999-1000 (8th Cir. 2022) (affirming district court's denial of request for discovery and evidentiary hearing where the petitioner could not demonstrate either that § 2254(e)(2) did not apply to him or that he could satisfy § 2254(e)(2)'s requirements).

Importantly, AEDPA directs how federal courts must consider petitions for habeas relief under § 2254 and generally limits a federal habeas court's review of the evidence and corresponding record to that which was developed in the state court. *Twyford*, 596 U.S. at 819. Development in the federal courts of claims not factually developed in the state courts generally cannot occur unless the prisoner can satisfy certain stringent requirements delineated at § 2254(e)(2) of ADEPA as follows:

> (A) the claim relies on - -
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2); *see also Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005).

Here, although ordered to do so, Petitioner does not indicate what claim he seeks introduction of the photos to support. *See* Filing No. 22 at 2. As a result, the Court is unable to determine the appropriate standard under which to consider introduction of the photos.[2] However, a review of the claims in the Petition renders such analysis unnecessary as, ultimately, it is Petitioner's explanation for why he seeks the photos that provides the grounds for this Court's denial of the Motions to Compel.

Petitioner has explained that his stated basis for seeking the photos at issue was to allow him to find out who harmed the victim and "framed" Petitioner. *See* Filing No. 14 at 3; *see also* Filing No. 23. As such, it appears Petitioner is asserting that he is actually innocent of the crimes of which he was convicted of and he believes the photos will help him to establish his innocence. In essence, Petitioner is asking this Court to excuse his evidentiary default at the state court level (the failure to introduce the photos) so that he may potentially develop evidence of his actual innocence here.

A review of the Petition, however, establishes that Petitioner did not discuss the claim he now raises—that he is actually innocent of the crimes for which he was convicted—at any time.[3] *See* Filing No. 4 at 1 (summarizing the two claims set forth in the Petition as claims of ineffective assistance of trial and direct appellate counsel respectively); *see also* Filing No. 1. The failure to do so is enough to deny the Motions to Compel as this Court need not consider admitting evidence to support an unstated claim/argument. *See, e.g.*, *Delk v. Smith*, No. 13-CV-89 JRT/SE, 2014 WL 538586, at *11, n. 17 (D. Minn. Feb.

[2] *See Jones v. Jeffreys*, No. 8:21CV249, 2025 WL 1752348, at *14-22 (D. Neb. June 25, 2025) (discussing the different standards related to obtaining introduction of new evidence for exhausted as opposed to unexhausted/procedurally defaulted claims).

[3] Petitioner was convicted of possession of a deadly weapon by a felon, terroristic threats, second degree false imprisonment, and third-degree domestic assault relating to a July 2020 dispute between Petitioner and two females. Filing No. 13-3 at 2.

11, 2014) (declining to review an argument supporting a claim which was not raised in a federal habeas petition).

Moreover, while this Court could allow Petitioner to supplement his Petition to include such a claim, to do so would be futile. First, even if Petitioner had raised a freestanding actual innocence claim the Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggins v. Perkins*, 569 U.S 383, 392 (2013). And while Petitioner may seek to utilize a claim or actual innocence as a gateway claim to avoid the procedural default of a claim he does raise, it does not appear that any of the claims raised in his Petition are procedurally defaulted and importantly, even if there were procedurally defaulted claims Petitioner sought to excuse, the "actual innocence" gateway exists "to avoid fundamental miscarriages of justice, not to provide the opportunity for fishing expeditions and delay or . . . a second trial." *Battle v. Delo*, 64 F.3d 347, 354 (8th Cir. 1995).

Ultimately, the standard for an actual innocence "gateway" claim requires a petitioner to establish that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To the extent a freestanding actual innocence claim could proceed, the standard would be even higher.[4] In evaluating whether this standard has been met, the Court "may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants

[4] The Eighth Circuit recognizes that even if "the Supreme Court were to grant relief on [a freestanding actual innocence] claim, 'the threshold . . . would be extraordinarily high [and] would require more convincing proof than the gateway standard.' " *Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015) (quoting *Dansby v. Hobbs*, 766 F.3d 809, 816 (8th Cir. 2014)). "[O]n a freestanding claim of actual innocence, it is not sufficient that a petitioner shows even that it is 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *Dansby*, 766 F.3d at 816 (quoting *Schlup*, 513 U.S. at 327). Instead, "[t]he 'extraordinarily high' threshold, if recognized, would be even higher." *Id.* (quoting *House v. Bell*, 547 U.S. 518, 555 (2006).

bear on the probable reliability of . . . evidence [of actual innocence].” *Perkins*, 569 U.S  at 399 (quoting *Schlup*, 513 U.S. at 332).

Here, Petitioner’s arguments are much more attenuated than permissible. Petitioner does not argue that the photos provide new evidence that will affirmatively support a finding of innocence—he presumes they will. In essence, Petitioner is asking this Court to excuse his evidentiary default at the state court level (the failure to introduce the pictures at issue in his Motions to Compel) so that he has an opportunity to develop potential evidence of his actual innocence. Petitioner does not claim that the photos will exonerate him. Instead, Petitioner presumes that if he were able to obtain the photographs at issue a forensic pathologist would be able to “match colors of bruise from hand print on [the] victim’s face to bruises on her body and match hand print to who the assailant was!” Filing No. 23 at 1. For obvious reasons, such extrapolations from photographs are far less than certain.

The contention that, if admitted, the photos have the potential to provide such evidence is a far cry from a credible showing that no juror, acting reasonably, would have voted to find Petitioner guilty beyond a reasonable doubt if the photos were before them. *Ortega v. Hammer*, No. CV 15-4116 (JRT/JSM), 2016 WL 4689039, at *3 (D. Minn. Sept. 7, 2016). Because Petitioner cannot meet this standard, he clearly cannot meet a heightened standard for a freestanding actual innocence claim (assuming relief arising from such a claim is available).

For these reasons, the Motions to Compel at Filing Nos. 23 and 25 shall be denied without prejudice.

## II. MOTIONS FOR COUNSEL

In three nearly identical motions, Petitioner renews his request for appointment of counsel, arguing that appointment of counsel is appropriate

because he is unable to hire private counsel, he las limited access to legal materials due to his incarceration, and, even with access to legal materials, he is unable to adequately present his claims due to his lack of legal training and the issues in the case being meritorious and complex. Filing Nos. 12, 19, and 24. While these reasons are similar to the reasons Petitioner stated in his prior motion seeking counsel, *see* Filing No. 5, which this Court denied, *see* Filing No. 11, Petitioner now provides an additional reason he requires counsel: to assist in obtaining and having the photos at issue in the Motions to Compel examined and presented in this case, *see* Filing Nos.19 at 2 and 24 at 2. While Petitioner's prior motion for counsel was denied with the caveat that further developments in his case may arise where counsel is warranted, the case having progressed to the point Petitioner must respond to Respondent's answer is not a change that warrants the appointment of counsel. And, as there is no basis for the photos at issue in the Motions to Compel to be further considered in this matter (resulting in the denial of the Motions to Compel without prejudice), there is nothing for counsel to assist with relating to the photos.

As Petitioner is aware from this Court's prior Memorandum and Order addressing his prior motion to appoint counsel, there is no right to counsel in these proceedings. *See, e.g.*, Filing No.11 at 1-2 (citing *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997)). As previously explained, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *Id.* at 2 (citing *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); Rule 8(c) of the *Rules Governing Section 2254 Cases*

*in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted)).

As the Court finds no basis exists for an evidentiary hearing at this time, because the Motions to Compel are denied, all that remains is for Petitioner to respond to Respondent's answer and supporting brief addressing why Respondent believes Petitioner is not entitled to relief from this Court on the claims raised in the Petition (all of which are relatively straightforward ineffective assistance of counsel claims). While this Court may understand the Petitioner's difficulties in crafting his response due to his incarceration, Petitioner's case currently does not meet the threshold to warrant this Court's appointment of counsel on his behalf.

The Motions for Counsel, Filing Nos. 12, 19, and 24 shall therefore be denied without prejudice. As previously noted, the Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## III. PROGRESSION ORDER DEADLINES

The progression order deadlines set forth in this Court's September 20, 2025, Memorandum and Order were suspended until resolution of Petitioner's prior motion seeking to expand the record. *See* Filing No. 17 (citing Filing No. 14). Although the prior motion seeking to expand the record was resolved in this Court's April 9, 2026, Memorandum and Order, Petitioner was also instructed to file a new motion seeking to expand the record if he so desired. *See Id.* As Petitioner filed the Motions to Expand the Record, the progression order deadlines remained suspended. However, as this Court has now

addressed the Motions to Expand the Record in this Memorandum and Order, the case may now progress.

IT IS THEREFORE ORDERED that:

1. The motions seeking to appoint counsel, Filing Nos. 12, 19, and 24, and the motions seeking to expand the record, Filing Nos. 23 and 25, are denied without prejudice.

2. Petitioner shall file a reply to Respondent's Answer and Brief in Support,[5] Filing Nos. 15 and 16, on or before September 8, 2026, after which Respondent has 30 days to reply, in accordance with the terms of this Court's Progression Order at Filing No. 4, which, aside from the deadlines contained therein, remains in effect.

3. Petitioner is reminded that any extension of the deadline to file his reply must be filed before the expiration of the September 8, 2026, deadline.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: September 8, 2026: check for Petitioner's reply brief.

Dated this 12th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

[5] While the progression order deadlines were suspended Petitioner filed a document titled "Brief in Support of Writ of Habeas Corpus" which appears to contain arguments supporting his claims as opposed to being responsive to Respondent's answer and brief in support (the "Brief in Support"). *See* Filing No. 20. To the extent Petitioner intended the Brief in Support as a response to Respondent's answer (and Respondent's brief in support of his answer) Petitioner need not file anything further.